## Case No. 9,237.

### MASON v. CUTTS.

[5 Cranch, C. C. 465.] [1]

Circuit Court, District of Columbia. March Term, 1838.

EQUITABLE LIEN—FRENCH AWARD—ADVANCES TO SHIP—BILLS OF EXCHANGE TAKEN.

1. Advances to a master of a ship seized and carried into France, in 1810, and liberated after eighteen months' detention, made after her release to enable her to prosecute her homeward voyage. are not a lien upon the compensation awarded to the administrator of the owner, by the commissioners under the French convention.

2. The plaintiff must resort to the administrator of the owner for payment in the ordinary course of administration; especially if the person making the advances takes bills of exchange for the amount advanced.

Bill in equity by [Gilbeck Mason,] the administrator of James Leveaux, against [Hiram Cutts] the administrator of Thomas Brown, to which the defendant filed a general demurrer. The bill stated that in 1810, the ship General Eaton, J. S. Place, master, owned

by Thomas Brown, a citizen of the United States, was captured by a French privateer, and carried into Calais. That in 1812 she was liberated, but before she could proceed on her homeward voyage, it was necessary that she should undergo considerable repairs, and be fitted for the voyage; that Captain Place not having the funds for that purpose, applied to the deceased, (Leveaux,) who made the necessary advances therefor to the amount of 20,463 francs, including costs of protest and damages on certain bills of exchange drawn by Captain Place, on his correspondents in London, for the reimbursement of said advances; that the ship was afterwards seized and detained at an English port; that the advances have never been repaid, and that the owner, Thomas Brown, died insolvent; that the commissioner under the French treaty, allowed the claim of Hiram Cutts, administrator of the owner, Thomas Brown, for detention of the ship and expenses, to the amount of $4,687; a certificate of which is about to be issued from the treasury of the United States, which will be paid to the said Hiram Cutts, unless prevented by an order of this court. That the plaintiff has a just claim on the amount so awarded to the said Cutts, for the amount of his said advances, "and is entirely without remedy at law to obtain the benefit of his lien on said fund, and can only obtain the same by the equitable interference of this honorable court."

The plaintiff contends, in his bill, "that he is not bound to resort to the estate of said Brown, or to those funds thus awarded, as a general creditor of said Brown's estate, but that he has an equitable claim on the fund itself, for the amount of his advances as aforesaid, and the interest due thereon, which he believes will amount to as much as the sum to be received on said award," and prays a decree therefor, and for general relief.

Mr. Key, for plaintiff, cited Sheppard v. Taylor, 5 Pet. [30 U. S.] 692, 710; The General Smith, 4 Wheat. [17 U. S.] 438; Forster v. Hale, 3 Ves. 696; Duke of Bolton v. Williams; 4 Brown, Ch. 430.

R. S. Coxe, contrà. The plaintiff's intestate never had any lien on the ship for his advances; and if he had, he has none upon the money awarded, which does not represent the ship, but merely demurrage, and expenses of prosecuting the claim before the French tribunals. But whatever lien he might have had, he abandoned by taking bills of exchange for the amount of his advances. and by suffering the ship to depart. He can now claim only as a general creditor, and must look to the administrator in the regular course of administration. This case is very different from that of Sheppard v. Taylor [supra], where the award was for the loss of the ship, and stood in the place of the ship, and liable to all liens by which the ship was bound.

THE COURT (THRUSTON, Circuit Judge, absent) decided, that the plaintiff's intestate had not a specific lien on the ship; and if he had, he abandoned it when he received bills of exchange for the amount of his claim, and therefore he can only come in as a general creditor of Brown, and receive his dividend in the due course of administration.